IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA KIRBY, | ) |
| | ) |
| Plaintiff, | ) 2:24-CV-882 |
| | ) |
| v. | ) |
| | ) |
| ALLEGHENY COUNTY; *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Jessica Kirby's Amended Motion to Remand (ECF 7). Because the Court lacks jurisdiction under the *Rooker-Feldman* doctrine for the injunctive claims and abstains from deciding any damages claims, the Court grants the motion and remands the case to the Allegheny Court of Common Pleas.

This is the third case related to Ms. Kirby's claims that has made its way to federal court. The claims in all three cases are based on the state's termination of Ms. Kirby's parental rights. In the first case, this Court dismissed Ms. Kirby's claims as barred by *Rooker-Feldman*. *Kirby v. Allegheny Cnty. Off. of Child., Youth, & Fams.*, No. 21-490, 2022 WL 1203846 (W.D. Pa. Apr. 22, 2022) (Ranjan, J.). In the second case, Ms. Kirby voluntarily dismissed her claims. *See Kirby v. Allegheny County et. al.*, No. 23-cv-2172, ECF 17. While Ms. Kirby filed the first two cases directly in federal court, in this case, Ms. Kirby originally filed her complaint in state court and Defendants removed. ECF 1.

Ms. Kirby alleges ten causes of action in her complaint: (1) Section 1983 claim against Barbara Ramsey; (2) Section 1983 claim against Barbara Ramsey; (3) Section 1983 claim against Jeffrey Eisenberg; (4) Section 1983 claim against Jeffrey Eisenberg; (5) Section 1983 claim against Alyssa Drake; (6) Section 1983 claim against Alyssa Drake; (7) Section 1985(3) claim against Allegheny County; (8) Section

1986 claim against Allegheny County; (9) negligence claim against Allegheny County and Marc Cherna; (10) intentional misrepresentation/fraudulent concealment against Allegheny County. ECF 1-3. Ms. Kirby seeks a preliminary injunction to prevent further harm, declaratory relief for the termination of the final juvenile court judgment, an injunction "to restore and enforce Plaintiff's rights to have custody of her child[,]" a jury trial, and $12,553,639 in damages. *Id.* at 69-70.

Ms. Kirby argues that this Court does not have jurisdiction under *Rooker-Feldman*. ECF 7. *Rooker-Feldman* applies "when in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual." *FOCUS v. Allegheny Cnty. Ct. of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996). "Indeed, the *Rooker-Feldman* doctrine bars lower federal courts from exercising jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment." *Shallenberger v. Allegheny Cnty.*, No. 2:20-CV-00073-NR, 2020 WL 1465853, at *4 (W.D. Pa. Mar. 26, 2020) (Ranjan, J.) (cleaned up). "[C]ourts in this Circuit routinely dismiss claims for Section 1983 injunctive relief because that relief would be the functional equivalent of an appeal of a state-court custody determination." *Id.* (collecting cases). The *Rooker-Feldman* doctrine applies if: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010).

As to the first and third elements, Ms. Kirby lost in state court and the state-court judgment was rendered before this case was filed. *See Int. of M.C.*, No. 1768 WDA 2019, 2020 WL 1515882 (Pa. Super. Ct. Mar. 30, 2020) (affirming termination of Ms. Kirby's parental rights, which occurred on November 1, 2019). As to the second

and fourth elements, Ms. Kirby is complaining of injuries caused by the state court's termination of her parental rights and is inviting this Court to overturn that judgment. Here, as in her prior cases, "a state court terminated Ms. Kirby's parental rights, and her claims here seek to undo or appeal that judgment." *Kirby*, 2022 WL 1203846, at *1; ECF 1-3, pp. 69-70 (prayer for relief). This is a clear example of a claim to overturn a state custody determination that is barred by *Rooker-Feldman*. *Bass v. New Jersey*, 649 F. App'x 255, 258 (3d Cir. 2016) (finding all of the *Rooker-Feldman* elements satisfied because plaintiff "complain[ed] of the loss of his parental rights . . . in state court before filing his federal suit, and his alleged injuries in [that] regard flow[ed] from the state-court judgment.").

Defendants argue that remand under *Rooker-Feldman* is not appropriate because Ms. Kirby seeks damages in addition to asking this Court to overturn the state court's termination of her parental rights. ECF 8, p. 7; ECF 11, p. 4. This argument, while an accurate statement of the law, nonetheless fails for two reasons.

First, there is some persuasive (albeit non-binding) authority that provides that where some claims or remedies are barred by the *Rooker-Feldman* doctrine, the appropriate remedy is for the court to find that *Rooker-Feldman* bars any injunctive claims, and then for the court to abstain from considering the merits of the related damages claims, and remand those claims too. *Perkins v. Beltway Cap.*, LLC, 773 F. Supp. 2d 553, 560 (E.D. Pa. 2011) ("Rather than split Plaintiff's cause of action between the state and federal courts," the court remanded the case); *In re Stuart*, 367 B.R. 541, 554 (Bankr. E.D. Pa. 2007) (noting that "a possible by-product of the *Rooker-Feldman* doctrine is the splitting of a plaintiff's cause of action between different courts due to the different remedies made available by a particular cause of action").

These decisions do not articulate the precise basis for abstention, but the Court agrees with the courts' reasoning (*i.e.*, judicial economy) and finds that abstention

under the *Colorado River* abstention doctrine[1] is consistent with these decisions, and so finds that to be the basis to abstain from hearing the damages claims.

Second, principles of judicial estoppel counsel in favor of remanding all claims. Defendants previously and successfully convinced the Court to dismiss Ms. Kirby's prior case—which contained both injunctive and damages claims—on the basis of *Rooker-Feldman*. *Kirby*, 2022 WL 1203846, at *1 (dismissing "all claims related to the parental-termination proceedings" as barred under *Rooker-Feldman*). Defendants are now invoking that prior decision to seek to dismiss this case. *See*, *e.g.*, ECF 18, at p. 4-6. Under these circumstances, it would be unfair to allow Defendants to advance the position now that *Rooker-Feldman* only bars certain of the claims. Relatedly, it would be unfair to allow Defendants to remove a case to federal court, and then invoke the *Rooker-Feldman* doctrine to argue that the federal court then has no authority to act. *See Alverson v. Wells Fargo Bank, N.A.*, No. 18-0123, 2018 WL 2234896, at *7 (D.N.M. May 16, 2018), *report and recommendation adopted*, No. 18-0123, 2018 WL 2441156 (D.N.M. May 31, 2018) ("It is not lost on this Court that it was Defendant, the same party who now asserts application of the *Rooker-Feldman* doctrine in its Motion to Dismiss, that removed the case to this Court and

---

[1] Under *Colorado River*, courts must balance six factors to determine whether abstention is justified: (1) which court first assumed jurisdiction over property involved, if any; (2) the relative convenience of the fora; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law applies and (6) whether the state court will adequately protect the federal plaintiff's interests. *BIL Mgmt. Corp. v. New Jersey Econ. Dev. Auth.*, 310 F. App'x 490, 492 (3d Cir. 2008) (citing *Spring City Corp. v. American Bldgs. Co.*, 193 F.3d 165, 171 (3d Cir.1999)). Here, the majority of factors weigh in favor of remand. The first and fourth factor weigh in favor of remand because Ms. Kirby filed her complaint in state court before Defendants removed, the third factor weighs in favor of remand because remand would avoid piecemeal litigation, the sixth factor weighs in favor of remand because the state court will adequately protect Ms. Kirby's interest and in fact is better positioned to do so, and the second and fifth factors are neutral because the federal and state courthouses are located on the same street and both federal and state law are implicated.

- 5 -

asserted diversity jurisdiction. Defendant's removal of this action has placed this Court in a predicament, whereby it is constrained by the *Rooker-Feldman* doctrine, a jurisdictional bar that is not waivable.").

For these reasons, the Court grants Ms. Kirby's motion and remands this matter (including Ms. Kirby's pending motions)[2] to the Allegheny County Court of Common Pleas.

**AND NOW**, this 18th day of September, 2024, **IT IS ORDERED** that Ms. Kirby's Amended Motion to Remand (ECF 7) is **GRANTED**. The Court orders the Clerk of this Court to remand this case to the Allegheny County Court of Common Pleas FORTHWITH.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge

cc:
Jessica Kirby
111 Tecumseh Street
#103
Pittsburgh, PA 15207

---

[2] *Wooten v. Boppy Co., LLC*, No. 22-4341, 2023 WL 11826191, at *1 n.2 (E.D. Pa. Aug. 14, 2023) (declining to address pending motions after remand).